IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALLEN ALEXANDER PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-205-D |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF OKLAHOMA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

This case is before the Court for review of the Report and Recommendation [Doc.
No. 39] issued by United States Magistrate Judge Amanda Maxfield Green under 28 U.S.C.
§ 636(b)(1)(B) and (C). Upon initial screening of the Amended Complaint [Doc. No. 27]
pursuant to 28 U.S.C. § 1915A and § 1915(e)(2)(B), Judge Green finds that certain parties
and claims should be dismissed but Plaintiff has stated plausible claims under 42 U.S.C.
§ 1983 that should proceed. *See* R&R at 29-32.

Plaintiff Allen Alexander Parks, who appears *pro* se, has filed a written objection
[Doc. No. 45] that is timely under the prison mailbox rule. Thus, the Court must "make a
de novo determination of those portions of the report or specified proposed findings or
recommendations to which objection is made" and "may accept, reject or modify, in whole
or in part, the findings and recommendations made by the magistrate judge." *See* 28 U.S.C.
§ 636(b)(1); Fed. R. Civ. P. 72(b)(3). Liberally construing the Objection,[1] the Court finds

---

[1] "[A] pro se litigant's pleadings are to be construed liberally and held to a less stringent
standard than formal pleadings drafted by lawyers," but "the district court cannot assume the role

for the following reasons that Judge Green's findings and conclusions are correct and should be adopted.

Upon *de novo* review of Judge Green's analysis of the issues presented by screening the Amended Complaint, the Court overrules Plaintiff's specific objections as follows:

1)      Dismissal of two individuals described in various ways by Plaintiff but identified in his pleading as "Defendant No. 8, 'John or Jane Doe' (Name Unknown) Head Administrator of Medical Policy for Armor Correctional Health Incorporated Headquarters" and "Defendant No. 9, 'John or Jane Doe' (Name Unknown) Head Administrator of Medical Policy for Armor Correctional Health - OCDC Division." *See* Am. Compl., attach. 1 [Doc. No. 27-1] at 4 (ECF page numbering).[2]

Plaintiff argues in his Objection that Judge Green overlooks certain pages of "Declaration Three" to his Amended Complaint that show medical administrators for the corporate defendants participated in implementing an unconstitutional policy regarding prescription eyeglasses and may have supervisory liability for the denial of prescription eyeglasses to him. *See* Obj. at 8-10.  Plaintiff's allegations concern an established policy stated in the Oklahoma County Detention Center's Inmate Handbook that requires inmates to make their own payment arrangements for prescription eyeglasses.  *See* Am. Compl. attach. 4 [Doc. No. 27-4] at 36 (Inmate Handbook, p.34).  Upon consideration of Plaintiff's

---

of advocate for the pro se litigant."  *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (quoting *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991)).

[2]  Throughout this Order, all citations to Plaintiff's filings utilize page numbers assigned by the Court's electronic case filing system.

pleading, the Court finds no basis for a plausible § 1983 claim against any administrator employed by the corporate defendants for the alleged failure to provide prescription eyeglasses to Plaintiff.[3]

2)      Dismissal of official-capacity claims against all defendants except the Board of County Commissioners of Oklahoma County (the "County") and Armor Correctional Health, Inc. ("Armor").

Plaintiff does not object to Judge Green's finding that his claims against Defendants in their official capacities are redundant of claims against the entities subject to municipal liability under § 1983.  He instead argues that the proposed dismissals are premature until Defendants are located and served.  However, it is notice to the entity that is required to impose liability, and the entities are named defendants to be served.[4]

3)      Dismissal of § 1983 municipal liability claims against the County and Armor for the alleged failure of nurses and jail employees to treat Plaintiff's high blood pressure.

Plaintiff objects to Judge Green's finding that his factual allegations fail to show the alleged constitutional violation – withholding treatment in retaliation for Plaintiff's filing grievances – resulted from a municipal custom or policy of retaliation.  According to Plaintiff's allegations, the conduct was directed specifically at him under directions from Sheriff P.D. Taylor and Danny Honeycutt.  This alleged conduct is addressed elsewhere in

---

[3]  *See*, *e.g.*, *Burke v. Regalado*, 935 F.3d 960, 997 (10th Cir. 2019) (stating elements of supervisory liability under § 1983).

[4]  Plaintiff also objects to a recommendation for dismissal of individual-capacity claims against the entities.  *See* Obj. at 2.  Plaintiff apparently misunderstands the concept of "individual capacity," which applies only to individual defendants and not legal entities.

the R&R as a claim against Sheriff Taylor and Mr. Honeycutt.  Plaintiff argues in his Objection that Judge Green overlooks "Declarations Two, Three, Four, and Five" to the Amended Complaint that show a widespread informal policy or custom of retaliation against Plaintiff by denying him treatment.  The basis of Judge Green's recommendation is a lack of factual allegations to show an official policy or custom of withholding medical care from jail inmates as retaliatory punishment.  Notably, the Inmate Handbook expressly prohibits retaliation and reprisal.  *See* Am. Compl. attach. 4 [Doc. No. 27-4] at 7, 26-27 (Inmate Handbook, pp.5, 24-25).  After examining Plaintiff's pleading and considering his arguments, the Court finds that Plaintiff has failed to state a plausible § 1983 claim of municipal liability based on a policy of retaliatory denial of medical care to inmates who filed grievances.

4)      Dismissal of § 1983 municipal liability claim against Armor for the alleged failure to provide Plaintiff with prescription eyeglasses.

Plaintiff objects to the finding that he has not stated a plausible claim against Armor for the denial of prescription eyeglasses based on his same allegations and argument regarding the failure of Armor's administrators to deviate from the jail's policy of not furnishing prescription eyeglasses to indigent inmates.  *See* Obj. at 34.  For the same reasons, the Court is not persuaded by this argument.

5)      Dismissal of § 1983 municipal liability claims against the County and Armor for retaliation against Plaintiff for exercising his First Amendment right to file grievances.

Plaintiff objects to the finding that he has failed to state a plausible claim against the County and Armor for First Amendment retaliation based on his same allegations and

argument regarding a retaliatory policy of refusing to treat his high blood pressure.  *See* Obj. at 35.  For the same reasons, the Court is not persuaded by this argument.

6)     Dismissal of a § 1983 claim against Defendants for the violation of Plaintiff's rights under the Due Process Clause.

Plaintiff objects to a finding that he has failed to state a § 1983 claim for denial of due process based on allegations that nurses and jail staff falsified his medical records to prevent him from proving he was denied treatment of serious medical needs.  Plaintiff argues that the Due Process Clause of the Fourteenth Amendment applies to pretrial detainees and Judge Green overlooks a right of substantive due process.[5]  Plaintiff appears to misunderstand the issue presented.  Judge Green is addressing "Claim 5 – Denial of Due Process (Deliberately Indifferent Malicious Falsification of Medical Reports)."  *See* Am. Compl., attach. 2 at 9.  Judge Green recognizes Plaintiff had a Fourteenth Amendment right to medical care and finds he has stated claims for violation of that right in his pleading. *See* R&R at 9-10 (quoting *Lance v. Morris*, 985 F.3d 787, 793 (10th Cir. 2021), and *Strain v. Regalado*, 977 F.3d 984, 989-90 (10th Cir. 2020).  The issue presented regarding Claim 5 is a discrete right to accurate medical records.  The Court is not persuaded that such a constitutional right exists.

7)     Dismissal of § 1983 claims against the County, Armor, Sheriff Taylor, and Mr. Honeycutt for failure to train or supervise the individual defendants.

---

[5] Throughout the relevant time, Plaintiff was awaiting trial in a state criminal case.  *See State v. Parks*, Case No. CF-2016-7670, J. & Sent. (Okla. Cty, Okla. June 18, 2018), *aff'd*, No. F-2018-628 (Okla. Crim. App. Jan. 16, 2020) (unpublished summary opinion).

Plaintiff objects to a finding that his pleading fails to state a plausible § 1983 claim in "Claim 6 – Deliberately Indifferent Failure to Train and/or Supervise" (Am. Compl. attach. 2 at 11).  He relies in his Objection on the same allegations and arguments that he presented in support of municipal liability claims for retaliatory denial of medical treatment.  *See* Obj. at 37-38.[6]  Upon examination, the Court finds no basis in these materials for a claim of failure to train or supervise against the County or Armor for the reasons stated by Judge Green.  Plaintiff alleges the alleged constitutional violations occurred as a result of retaliation directed specifically at him, not any deficiency in training or supervision of subordinate employees.

In summary, for the reasons explained by Judge Green in her thorough 33-page Report, the Court finds that this action should be dismissed as to some claims and Defendants and should proceed only on the plausible § 1983 claims stated in the Amended Complaint, which are summarized on pages 29 and 30 of the R&R and shown in the chart on pages 31 and 32.

**IT IS THEREFORE ORDERED** that the Report and Recommendation [Doc. No. 39] is **ADOPTED** in its entirety.  This action shall proceed on the claims adequately stated in the Amended Complaint, as identified on pages 29 through 32 of the R&R. Accordingly, this action is **DISMISSED** as to Defendants Armor Correctional Health, Inc., Armor Correctional Health – OCDC Division, Head Administrator of Medical Policy for

---

[6]  Judge Green addressed this claim only regarding municipal liability of the County and Armor because she found Plaintiff's pleading stated plausible claims against Sheriff Taylor and Mr. Honeycutt for their alleged direct participation in the underlying violations of Plaintiff's constitutional rights.  *See* R&R at 26-27 n.2.

Armor, Head Administrator of Medical Policy for Armor OCDC, all Defendants in their official capacities except the Board of County Commissioners of Oklahoma County, and any individual-capacity claims against Defendant Board of County Commissioners of Oklahoma County.   Further, Plaintiff's § 1983 claims alleging falsification of medical reports and failure to train or supervise are **DISMISSED** without prejudice.

   **IT IS SO ORDERED** this 21st day of July, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge