**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| ALLEN ALEXANDER PARKS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-20-205-D |
| | ) | |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF OKLAHOMA COUNTY, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

# O R D E R

This matter comes before the Court for review of the Order of November 22, 2022 [Doc. No. 78], issued by United States Magistrate Judge Amanda Maxfield Green, denying Plaintiff's Motion to Compel.  Plaintiff, who appears *pro se*, has filed an Objection [Doc. No. 81] that is treated as timely filed.[1]

Upon consideration, the Court finds that Plaintiff objects to a magistrate judge's ruling on a nondispositive pretrial matter under 28 U.S.C. § 636(b)(1)(A).  Thus, the Court's review is limited to determining whether Plaintiff has "shown that the magistrate judge's order is clearly erroneous or contrary to law."  *Id.*; *see also* Fed. R. Civ. P. 72(a).  The Court finds that this standard has not been met with respect to Judge Green's November 22 Order.

---

[1] Ordinarily, an objection to a magistrate judge's order is due "within 14 days after being served with a copy."  *See* Fed. R. Civ. P. 72(a).  Under the circumstances shown by the record in this case – where Plaintiff was being transferred between jurisdictions – it is unclear when the 14-day period began and whether Plaintiff could have reasonably met the deadline, and thus, the Court exercises its discretion to consider his Objection.

Judge Green determined that Plaintiff's Motion to Compel [Doc. No. 77] should be denied because the relief sought by the Motion was unavailable or improper under the circumstances.  Specifically, Plaintiff requested an order requiring the "U.S. Marshals Service and Office of Attorney General of State of Oklahoma personnel and/or Board of County Commissioner personnel and/or Oklahoma County District Attorney Office personnel to coordinate a time and place … at which service of process can be accomplished on the following three defendants … Board of County Commissioners of Oklahoma County, P.D. Taylor, and Danny Honeycutt . . . directly, and/or, the Office of Attorney General of State of Oklahoma staff and/or Board of County Commissioner staff and/or Oklahoma County District Attorney Office staff can accept service of process . . . on these three defendants." *See* Pl.'s Mot. Compel at 1, 22-23.  Plaintiff's request was intended to remedy a failure of the Marshals Service to serve these defendants using the information that Plaintiff had provided on his service papers.  The information did not include the name or correct address of the service agent for the Board of County Commissioners, and did not include a location for either of the individual defendants but listed the name and address of an attorney in the district attorney's office who represented the individuals in prior litigation.

The Court finds no error in Judge Green's ruling that the relief sought by Plaintiff's Motion should not be granted.  Plaintiff faults the Marshals Service for not delivering the process papers he provided using information that its employees allegedly should have

known or could have discovered, rather than the information stated on the service forms.[2] *See* Pl.'s Obj. at 5-6.   However, Plaintiff provides no legal authority for the proposition that the Marshals Service is responsible for investigating and determining the proper service agents of named defendants or locating the individuals identified in civil process papers.   In the November 22 Order, Judge Green denied the relief requested by Plaintiff but identified for him the correct name and address of the service agent for the Board of County Commissioners.   *See* Order at 2.

As to the individual defendants, Plaintiff faults two Oklahoma County assistant district attorneys, Carri Remillard and Aaron Etherington, for refusing to accept service in September 2022 for the former county sheriff, P.D. Taylor, and an attorney formerly employed by the county, Danny Honeycutt.[3]   *See* Pl.'s Obj. at 6.   The district attorney's office continues to represent Sheriff Taylor and Mr. Honeycutt in other pending litigation previously brought by Plaintiff in which service was accomplished in 2020.   *See*, *e.g.*, *Parks v. Taylor*, Case No. CIV-19-1137-D, Summons Returned (W.D. Okla. June 4, 2020). However, Plaintiff provides no legal authority, and the Court has found none, requiring or authorizing a district attorney to act as an agent of former employees of the county for the service of legal process.

---

[2]  The summons for the Board of County Commissioners did not identify a person to serve, and Plaintiff's Form USM-285 listed individual commissioners.  The summonses for the individual defendants gave the address of the district attorney's office, and the USM-285 forms gave the name and address of an assistant district attorney.

[3]  A newly elected sheriff (Tommie Johnson, III) succeeded P.D. Taylor in January 2021.

In his Objection, Plaintiff points to another case in which Judge Green directed a civil attorney representing an individual defendant in an appeal of a dismissed case to accept service for the individual in a refiling of that case. *See* Pl.'s Obj. at 9-11 (discussing *Parks v. Taylor*, Case No. CIV-19-1188, Order (W.D. Okla. Mar. 7, 2022), authorizing service of Christopher Hendershot through an attorney who appeared for him in Appeal No. 21-6014, which was then pending regarding Case No. CIV-18-968-D). Judge Green exercised her discretion under the circumstances of that case to authorize an alternative means of service under Okla. Stat. tit. 12, § 2004(C)(6). *See Parks v. Taylor*, Case No. CIV-19-1188, Order at 6-7 (W.D. Okla. Mar. 7, 2022). This is not precedential authority for compelling an assistant district attorney to accept service for Defendants Taylor and Honeycutt in this case. The Court rejects Plaintiff's position that the two cases present "identicle (sic) relevant facts." *See* Pl.s' Obj. at 11.

For these reasons, the Court finds that Plaintiff has not shown that Judge Green's November 22 Order is clearly erroneous or contrary to law.

**IT IS THEREFORE ORDERED** that Plaintiff's Objection to Magistrate's 11/22/22 Filed Order [Doc. No. 81] is **OVERRULED**.

**IT IS SO ORDERED** this 9th day of January, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge