IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALLEN ALEXANDER PARKS, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>BOARD OF COUNTY COMMISSIONERS )<br>OF OKLAHOMA COUNTY, *et al.*, )<br>)<br>Defendants. ) | Case No. CIV-20-205-D |

# **O R D E R**

Before the Court is Plaintiff's Motion to Voluntarily Dismiss [Doc. No. 103]. Plaintiff, who appears *pro se*, "moves to dismiss all claim counts against all defendants and dismiss with prejudice [this] action at this time." *Id*.

Because some defendants have filed answers, the Motion is governed by Fed. R. Civ. P. 41(a)(2). This rule authorizes a district court to dismiss an action at the request of a plaintiff "on terms that the court considers proper." "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Frank v. Crawley Petroleum Corp.*, 992 F.3d 987, 998 (10th Cir. 2021) (internal quotation omitted). "Absent 'legal prejudice' to the defendant, the district court normally should grant such a dismissal." *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997). "In most cases, the normal analysis will result in the district court granting the plaintiff's motion to dismiss with prejudice." *Cnty. of Santa Fe v. Pub. Serv. Co.*, 311 F.3d 1031, 1049 (10th Cir. 2002). However, no blanket rule applies, and a

district court must still inquire whether the requested dismissal would adversely affect another party. *Id*.

Upon consideration of Plaintiff's Motion, the Court can discern no reason why it should not be granted. Despite the length of time this case has been pending, it has not proceeded past the pleading stage, and some defendants remain unserved. Because Plaintiff specifically requests a dismissal with prejudice, granting his Motion will result in a judgment in Defendants' favor. Also, denying the Motion would be futile because a plaintiff who does not want to pursue a civil action "may seek effective dismissal of his case through non-prosecution or poor litigation tactics." *Cnty. of Santa Fe*, 311 F.3d at 1049. Finally, "[a] defendant may not recover attorneys' fees when a plaintiff voluntarily dismisses an action with prejudice . . . absent exceptional circumstances." *Vanguard Env't, Inc. v. Kerin*, 528 F.3d 756, 760 (10th Cir. 2008). Considering this rule and Plaintiff's indigence, any request by a defendant for an award of attorney fees would be unavailing.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion to Voluntarily Dismiss [Doc. No. 103] is **GRANTED**. A separate judgment of dismissal shall be entered.

**IT IS SO ORDERED** this 31st day of August, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge